**John Wesley KAZMAIER, Plaintiff,**

v.

**CENTRAL INTELLIGENCE AGENCY and the United States Justice Dept. and the Federal Bureau of Investigation and the United States Government, Defendants.**

No. 2–C–1342.

United States District Court, E.D. Wisconsin.

April 11, 1983.

John Wesley Kazmaier, pro se.

Joseph P. Stadtmueller, U.S. Atty., Milwaukee, Wis., for defendants.

### DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

John Wesley Kazmaier, the plaintiff in this action, seeks leave of the court to proceed in forma pauperis. The complaint states that federal jurisdiction is based on 28 U.S.C. § 1983; because there is no such statute, it appears that Mr. Kazmaier may have intended to refer to 42 U.S.C. § 1983. Named as defendants are the Central Intelligence Agency (CIA), the Federal Bureau of Investigation (FBI), the United States Department of Justice, and the United States government.

The complaint sets forth in great detail the alleged wrongdoings of the defendants. Generally stated, Mr. Kazmaier claims that the CIA has subjected him to brainwashing and torture attacks since 1965 through the use of satellite beams, portable dental laser equipment, and other such means. The other defendants are alleged to have failed to investigate these incidents. As a result of these attacks, he contends that his high school career was ruined, he was prevented from receiving his college degree, his right ankle was broken, and he suffered tremendous agony. He seeks $7,308,089,250,000.00 in damages, employment as the director and assistant director of the FBI, protection from assassins, authorization to carry concealed weapons, and other forms of relief.

In several letters to the court, Mr. Kazmaier has "ordered" me to provide him with ridiculously large sums of money as loans or advances against his future court award. He has also "ordered" me to send him immediately a list of items, including:

"1. A 25 layer Kevlar bullet-proof vest with protection of both front and rear of body.

2. A 357 magnum caliber revolver in a right hand shoulder holster, preferably with a four inch barrel.

3. A selective-fire Beretta 9mm type 92 pistol in a left-hand shoulder holster.

4. An Uzi Submachine gun caliber 9mm with 5 large magazines, in a soft side case with a zipper top.

5. An M–16 rifle with 5 large magazines, caliber .223.

6. A .380 or .32 ACP caliber Gatling gun with one or more medium or large ammo-pak magazines. This gun is a multiple-barrel high speed gun capable of a high rate of fire, and it has an accurate range of 50 yards.

7. A United States Marshals Service Badge and I.D. set.

.    .    .    .    .

8. A bullet-proof car, such as a bullet-proof Lincoln Continental four door model from Ford Motor Company."

Based on the allegations of the complaint, the nature of the relief sought, and the contents of Mr. Kazmaier's letters, I find that this proposed lawsuit falls easily into the "frivolous" category. I will not grant the plaintiff permission to pursue this action without payment of fees, pursuant to 28 U.S.C. § 1915. Furthermore, the plaintiff has filed a nearly identical complaint in case no. 82–C–1384, now pending before Honorable John W. Reynolds, and he has paid the filing fee in that case. I see no reason to encourage duplication of judicial efforts, especially in a case as this one.

Therefore, IT IS ORDERED that the plaintiff's motion for leave to proceed in forma pauperis be and hereby is denied.